IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-1598 |
| § | | |
| FRANCISCO RAMIRO ORELLANA, § | | |
| *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Set Aside Summary Judgment and for Leave to File Late Response ("Motion") [Doc. # 19] filed by Defendants Francisco Ramiro Orellana and Agustina Montano Portillo, to which Plaintiff J&J Sports Productions, Inc. ("J&J") filed a Response [Doc. # 20]. Based on the Court's review of the record and relevant legal authorities, the Court **grants** the Motion.

## **I.     BACKGROUND**

Plaintiff sued Defendants alleging violations of the Federal Communications Act. Specifically, Plaintiff alleged that Defendants illegally intercepted and exhibited the closed-circuit telecast of the April 2008 "Latin Fury" WBC Continental Americas Light Middleweight Championship Fight Program ("Latin Fury Fight Program").

Plaintiff had previously filed a Federal Communications Act lawsuit against these Defendants alleging that they illegally intercepted and exhibited "The Epic

Battle Continues": Kelly Pavlik v. Jermain Taylor II, WBC Super Middleweight Championship Fight Program ("Pavlik/Taylor Fight Program"). That case was assigned Civil Action No. 11cv574.

On January 20, 2012, Plaintiff filed a Motion for Summary Judgment in this case. On February 21, 2012, Plaintiff filed an Amended Motion for Summary Judgment in this case. On February 22, 2012, Plaintiff filed a Motion for Summary Judgment in Civil Action No. 11cv574. On March 14, 2012, Defendants filed a Response to the Motion for Summary Judgment in Civil Action No. 11cv574. That Response, however, addressed the allegations in this lawsuit involving the Latin Fury Fight Program. Defendants did not file the Response in this case.

By Memorandum and Order [Doc. # 17] entered in this case on March 15, 2012, the Court noted that Plaintiff's evidence was uncontroverted and granted Plaintiff's Motion for Summary Judgment. On April 17, 2012, Defendants filed the pending Motion, which is now ripe for decision.

## II.     **RULE 60(b) RELIEF**

Relief under Rule 60(b)(1) is available where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will

be reversed only for an abuse of that discretion." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001).

In this case, it is clear that Defendants prepared and filed a response to Plaintiff's Amended Motion for Summary Judgment. The Response addressing the issues in this case, however, was inadvertently filed in Civil Action No. 11cv574. *See* Response, Docket Entry No. 13 in Civil Action No. 11cv574.

The Court has reviewed the Response filed in Civil Action No. 11cv574 and finds that it would have, if correctly filed in this case, raised a genuine issue of material fact precluding summary judgment. The Response includes the affidavit of Augustina Montano Portillo who states under oath that she was present at the Defendants' establishment on the relevant evening of April 26, 2008, and the Latin Fury Fight Program was not broadcast. *See* Portillo Affidavit, Exhibit to Response, Docket Entry No. 13 in Civil Action No. 11cv574. Portillo states that the establishment "only had Karoke" that evening and that the Latin Fury Fight Program was not intercepted. *See id.* The Court has reviewed also the Reply filed by Plaintiff in Civil Action No. 11cv574 in which, in addition to noting that the Response does not address the event at issue in that case, argues that Portillo fails to state that she was present at the "actual time of the Event" and that her being in the establishment "early in the day" is an inadequate defense. *See* Reply, Docket Entry No. 14 in Civil Action

No. 11cv574. Portillo's Affidavit indicates, however, that she was present at Defendants' establishment on the evening in question, not "early in the day."

Plaintiff has failed to identify any prejudice it would suffer if Defendants' Motion is granted, beyond the cost of responding to the pending Motion and filing a reply to any response Defendants are allowed to file in this case. The expense of filing a reply in this case, however, would have been required if Defendants had originally filed their Response on the correct docket.

The Court concludes that Defendants, as a result of inadvertence and excusable neglect, filed their Response in the wrong case. The Response, if correctly filed in this case, would have presented a meritorious defense to the extent that it would have presented evidence that raised a genuine issue of material fact precluding summary judgment. The prejudice to Plaintiff, by their own representation, is purely monetary and minimal. As a result, the Court exercises its discretion to grant relief under Rule 60(b)(1).

### III.   CONCLUSION AND ORDER

Defendants have demonstrated an adequate basis for this Court to exercise its discretion in favor of the Rule 60(b)(1) relief requested. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Set Aside Summary Judgment and for Leave to File a Late Response [Doc. # 19] is **GRANTED**. The Memorandum and

Order [Doc. # 17] and the Final Judgment [Doc. # 18] entered March 15, 2012, are **VACATED** and this case is **REINSTATED** on the Court's active docket. It is further

**ORDERED** that counsel for Defendants shall file any Response to Plaintiff's Motion for Summary Judgment by **June 4, 2012**. Any reply must be filed by **June 15, 2012**.

SIGNED at Houston, Texas, this **18th** day of **May, 2012**.

_____
Nancy F. Atlas
United States District Judge